UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN WAYNE ZIDAR,<br><br>　　　　　　Defendant.<br>_____ | NO.　CR01-108RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART, DEFENDANT'S MOTION FOR DISMISSAL OR JUDGMENT OF ACQUITTAL |

　　　　THIS MATTER having come before the Court upon a motion by the Defendant John Wayne Zidar to dismiss counts charged against him for money laundering and promotion of mail and wire fraud. Having considered the entirety of the record and file herein, the Court finds and rules as follows:

1)　　Defendant's motion as to Counts 26 and 27 is GRANTED.

2)　　Defendant's motion as to the remaining counts, 29, 31, 32, 33, 34, 35 ,36 and 38 is DENIED.

　　　　As to these remaining counts, the Court further finds that the motion is beyond the scope of the Ninth Circuit's remand in this case. The Ninth Circuit remanded this matter to the Court for resentencing only, not to allow defendant to challenge counts of conviction. It is well established that, when an appellate court limits the scope of the remand, the district court is without authority to examine other issues on remand. <u>United</u>

States v. Davis, 519 F. 3d 926 (9th Cir. 2008). Any claim that Defendant might have may only be brought after Defendant is resentenced and his appeal from that resentencing is completed, pursuant to 28 U.S.C § 2255.

The Court finds that even if the Court were to consider Zidar's motion, it would be denied on the merits. The recent Supreme Court decision, United States v. Santos, 128 S. Ct. 2020 (2008) is not relevant to Zidar's international money laundering convictions, Counts 32 -36, because those counts did not require any finding that they involved "proceeds" of unlawful activity. Similarly, Count 38 is also unaffected by Santos as well.

The Court finds that Santos does not apply to Counts 29 and 31 for two reasons. First, the Santos case does not apply in any context other than illegal gambling, and therefore, it does not overrule existing Ninth Circuit case law that fully supports the convictions. Second, even if Santos did apply the transactions charged in these counts involved profits, rather than gross receipts.

WHEREFORE, it is hereby ORDERED that the defendant's motion to dismiss Counts 26 and 27 is GRANTED. Probation is ordered to delete any references to these offenses as offenses of conviction in the guideline and sentencing calculations in its pending Presentence Report. The remainder of defendant's motion is DENIED.

DATED this 17th day of June, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE